IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BLAIN P.,**[1]

Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,**

Defendant.

Civ. No. 6:24-cv-01814-CL

**OPINION AND ORDER**

---

MARK D. CLARKE, Magistrate Judge:

Plaintiff Blain P. seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying his claims for benefits under the Social Security Act. Consent to magistrate judge jurisdiction was entered on October 30, 2024 (ECF #4). For the reasons below, the Commissioner's decision is reversed and remanded for immediate payment of benefits pursuant to sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

Plaintiff claims the ALJ erred in the following ways:

1) Failing to properly evaluate the opinion of David Archambault, Ph.D.
2) Failing to properly evaluate Plaintiff's subjective symptom testimony.

As a result of these errors, Plaintiff moves the Court for remand of the case for immediate payment of benefits. For the reasons below, this motion is GRANTED.

## I. The ALJ failed to properly evaluate the opinion of David Archambault, Ph.D.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

Under the applicable Social Security regulations, an ALJ is required to evaluate a medical opinion using five factors (supportability, consistency, relationship with claimant, specialization, and others). 20 C.F.R. § 416.920c(b)-(c). "The most important factors that the agency considers when evaluating the persuasiveness of medical opinion are supportability and consistency." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (citation and quotations omitted).

Dr. David Archambault, Ph.D., examined Plaintiff on May 17, 2022. Tr. 1093. Treatment notes from 2021 were also reviewed, Tr. 1093. Dr. Archambault diagnosed Post Traumatic Stress Disorder; and Major Depressive Disorder, recurrent, moderate, Tr. 1098. He opined that Plaintiff would have difficulty performing work activities on a consistent basis without special or additional instructions. Tr. 1099. Dr. Archambault stated that Plaintiff does have problems with memory, concentration, focus, is easily distracted, and at times finds it hard to organize her thoughts. Tr. 1099. He believed that monitoring and prompting may be required in order for her to remain on task. Tr. 1099.

The ALJ evaluated Dr. Archambault's opinion as follows:

> The psychological consultative examiner opined that the claimant would not have difficulty performing simple and repetitive tasks or detailed and complex tasks. The claimant would not have difficulty accepting instructions from a supervisor. The claimant may have some difficulty interacting with coworkers and the public. **The claimant would have difficulty performing work activities on a consistent basis without special or additional instructions. The claimant would have difficulty maintaining regular attendance and completing a normal workday/workweek without interruptions. She would have difficulty dealing with the usual stress encountered in the workplace.** (B29F). **The undersigned finds this opinion to be persuasive. It was supported by the examination results.** The claimant reported having a fear of people, experiencing panic attacks, and being hypervigilant. The claimant's mental health symptoms caused problems with concentration and focus which made her easily distracted. Her depression and PTSD interfered with her ability to manage stress. (B29F). **The opinion was also consistent with the record**. The claimant stated in her function report that she was not able to pay attention for long periods. The claimant testified that her mental health and pain limited her concentration and prevented her from remaining on one

> task. The claimant's multiple mental health impairments caused her to become easily emotionally overwhelmed and irritable. The claimant's irritability interfered with her ability to interact with others.

Tr. 224 (emphasis added). The ALJ did not discount any part of the opinion, and found that it was supported by clinical observations and the evidence in the record. Nevertheless, the ALJ determined that the Plaintiff's RFC included the ability to perform "light work" with only the following limitations:

> the claimant can never climb ladders, ropes, and scaffolds. The claimant could occasionally climb ramps and stairs, crouch, stoop and kneel. The claimant can never crawl. The claimant must avoid all exposure to hazards such as moving machinery and unprotested heights. The claimant can engage in no commercial driving. The claimant can occasionally reach overhead with the bilateral upper extremities. The claimant can perform simple, routine, repetitive tasks. The claimant can perform low stress jobs defined as work with occasional changes in the work-setting and few, if any work-place changes. The claimant can tolerate occasional interaction with the coworkers and the public of a brief, superficial nature. The claimant could engage in no tandem work.

Tr. 219. The RFC did not account for Plaintiff's noted difficulty in performing work activities on a consistent basis without special or additional instructions, nor did it address the opined difficulty in maintaining regular attendance and completing a normal workday/workweek without interruptions, which the ALJ found "persuasive."

While the ALJ is not required to adopt the precise language and limitations given in a physician's opinion, the ALJ is required to develop an RFC that is consistent with those limitations. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Here, the limitations expressed by Dr. Archambault are not merely rephrased by the ALJ, nor are they re-quantified using the context of the record as a whole; they are entirely unaccounted for. This is a reversible error.

**II. The ALJ failed to properly evaluate Plaintiff's subjective symptom testimony.**

Plaintiff asserts error based on the ALJ's discounting of Plaintiff's subjective symptom testimony. The Court agrees that the ALJ failed to identify specific, clear and convincing reasons supported by substantial evidence in the record to discredit Plaintiff's subjective symptom testimony. However, because the Court finds that the ALJ made a reversible error above, addressing this issue is unnecessary, and in the interests of judicial efficiency, the Court declines to conduct further analysis.

**III. The case is remanded for immediate payment of benefits.**

Remand for further administrative proceedings is appropriate if enhancement of the record would be useful. *See Harman v. Apfel*, 211 F.3d 1172, 1174, 1178 (9th Cir.2000). Conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits. *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir.1996); *Varney v. Secretary of Health and Human Services*, 859 F.2d 1396, 1399 (9th Cir.1988). More specifically, the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Harman*, 211 F.3d at 1178.

Here, the ALJ committed a harmful error by failing to incorporate a medical opinion that he otherwise found persuasive. The RFC did not account for Plaintiff's noted difficulty in performing work activities on a consistent basis without special or additional instructions, nor did it address the opined difficulty in maintaining regular attendance and completing a normal workday/workweek without interruptions.

Additionally, the record has been fully developed, and no further development is necessary to determine disability. At the ALJ hearing, the vocational expert testified that no unskilled work would be available for a person who was off task more than 10% of a workday (Tr. 117), that none of the jobs listed would be available if the claimant required occasional monitoring or prompting from a supervisor to remain on task (Tr. 117), and that no unskilled work would be available for an individual missing more than 8 days per year, which includes coming in late or leaving early due to mental health or pain issue (Tr. 115-116). Based on this testimony, and the evidence stated above, which the ALJ found "persuasive," there are no outstanding issues that must be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. A remand for benefits is therefore required.

**CONCLUSION**

For the reasons discussed above, the Commissioner's decision is REVERSED, and this case is REMANDED for immediate payment of benefits pursuant to sentence four of 42 U.S.C. § 405(g).

It is so ORDERED and DATED this 17 day of September, 2026.

MARK D. CLARKE
United States Magistrate Judge